UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRED D. KLUG and KATHLEEN A. KLUG,

    Plaintiffs,

v.

CMH HOMES, INC., *d/b/a Clayton Homes*,

    Defendant.

Case No. 3:18-cv-01509-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    Defendant CMH Homes, Inc. removed this case from Illinois state court under 28 U.S.C. § 1441(b) on a theory of diversity jurisdiction. (ECF No. 1.) The Court, however, expressed concerns over whether it has subject-matter jurisdiction in this case—specifically, whether the complaint satisfies the $75,000 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a)—and ordered the parties to file supplemental briefing on the matter. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (the proponent of jurisdiction—here, the defendant—"has the burden of showing by a preponderance of the evidence facts that suggest the [$75,000] amount-in-controversy requirement is met.") (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Both parties have filed those briefs, but CMH Homes has failed to carry its burden: it argues that you reach $75,000 when you add its counterclaim to the plaintiff's claim. Well-established precedent prevents the Court from adding claims from opposing parties together like that: you must look to an individual plaintiff's claim to determine whether they exceed $75,000. *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). Accordingly, the Court **REMANDS** this case to the Washington County Circuit Court for lack of subject-matter jurisdiction.

1

**IT IS SO ORDERED.**

**DATED: SEPTEMBER 18, 2018**

<u>*s/ J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**